NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—
March, 1882.

## ST. F. XAVIER COLLEGE v. DOHERTY.

*In the matter of the estate of* HUGH DOHERTY, *deceased.*

The testator, by his will, executed in 1871, shortly before his death, gave, substantially, all his property to his executors in trust, to receive the rents and profits, and to sell and convey the same at such time as they should deem advisable, directing that from such rents, etc., or from the proceeds of such sale, they should reserve, and pay to certain relatives, "a sum of money equivalent to the net annual rental for four years (after deducting taxes and expenses) " of a house and lot specified. He appointed residuary legatees. *Held,*

1. That, by the words quoted, the testator meant the rental, after deducting all expenditures in and about the property in question, including taxes, repairs, insurance, interest on mortgages, and other direct charges, for the four years succeeding his death.
2. That the relatives in question were entitled to interest on their legacies from the end of the said four years.

APPLICATION, by legatees, for a construction of decedent's will, on the judicial settlement of executor's account. The facts appear sufficiently in the opinion.

BLISS & SCHLEY, *for residuary legatees.*

EVARTS, SOUTHMAYD & CHOATE, *for other legatees.*

THE SURROGATE.—By his will, executed in 1871, not long before his death, the testator gave substantially all his property to his executors, in trust, to collect and receive the rents, income and profits, and to sell and convey the same, at such time as should be deemed advisable by them. He directed that, from said rents, income and profits, or from the proceeds of such sale, they should, after certain other payments, reserve and pay to certain relatives named "a sum of money equivalent to the net

annual rental for four years (after deducting taxes and expenses)," of a certain house and lot at No. 106 Franklin street, New York city. He made the college of St. Francis Xavier and two priests of the order of St. Augustine his residuary legatees. In behalf of these residuary legatees, this court is now asked to interpret the clause of the will which has been quoted.

By providing for the payment of the bequest to his relatives from the rents, income and profits of premises No. 106 Franklin street, or from the proceeds of the sale of such premises, I think that it was the testator's hope and expectation that those bequests might be, in fact, discharged from such rents, income and profits. He had very little personalty available for their immediate payment, and he probably gave to his executors authority to sell, in order to avoid an unlawful suspension of the power of alienation, and not with any desire or disbelief that an early sale would, in fact, be resorted to.

In my view, these bequests might have become payable before the four years had elapsed, if, in the interim, the sale had taken place ; but the testator desired and expected that, if no such sale should be effected, these legacies should, after the expiration of four years, be paid from the rents, income and profits meanwhile received.

The alternative direction, to pay the bequests from the proceeds of the sale of his property, does not, I think, militate against this view. In ascertaining the amount, to which these legatees would have been entitled, in case the property had been sold before the expiration of the four years, some embarrassment might have arisen. But the difficulty would not have been

insuperable.   An equitable mode of adjustment, suitable to the case, could have been applied.

In fixing the bequest at a sum of money equivalent to the net annual rental for four years, after deducting taxes and expenses of the premises specified, I think the testator meant the net rental, after deduction of all expenditures in and about the property in question, including taxes, repairs, insurance, interest on the mortgages and other charges directly affecting the property for the four years succeeding his death.   The provision in regard to deductions of taxes and expenses was not, in my opinion, intended to limit or qualify the meaning of the term " net rental."

The preservation of the premises out of the rents, income and profits, from which I have concluded the bequests were payable, necessitated the discharge, also, out of the same rents, income and profits, of the interest on the mortgage.   The testator must have known this, and must have designed, I think, that payments necessary to make effective his intention to provide a fund from which to raise these bequests should be a charge upon that fund, and borne by those to be benefited by it, rather than by the residuary legatees.

The beneficiaries in question should be credited with interest on their legacies from the end of the fourth year after testator's death.   The taxes to be deducted are only the current taxes for the four years.   Those which had accrued before the testator's death are not deductible.

Ordered accordingly.